IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORI A. GINTNER,

                Plaintiff,

    v.

SUZANNE C. O'NEILL, MICHAEL K. MORAN,
GREGORY J. STRASSER, LAMONT K. JACOBSON,
GREGORY B. HUBER, SCOTT M. CORBETT, RICK
CVEYKUS, TODD WOLF, WILLIAM M. CONLEY,
BAYNE ALLISON, STATE OF WISCONSIN, STATE
OF WIS. BAR ASSOCIATION, ASSOCIATED BANK
NATIONAL, NICOLET NATIONAL BANK,
ATTORNEY GENERAL JOSH KAUL,
ANDREW W. SCHMIDT, KENNETH GRAM,
RODNEY OLESON, SHELIA KESSLER, DAVE
CASEY, and ANITA M. LAWRENCE,

                Defendants.

OPINION and ORDER

23-cv-218-wmc[1]

---

Pro se plaintiff Lori A. Gintner alleges that defendants conspired in foreclosure, eviction, and other judicial proceedings to steal her home, which violated her rights under federal and state law. I may screen Gintner's complaint even though she paid the filing fee. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). I will dismiss Gintner's complaint because it fails to state a claim upon which relief may be granted and it is frivolous.

Gintner filed a virtually identical complaint in *Gintner v. O'Neill*, 21-cv-755-wmc, which the court dismissed with prejudice. The court dismissed Gintner's claims against the judicial defendants based on judicial immunity. Order at 2, *Gintner*, 21-cv-755-wmc, Dkt. 5. The court

---

[1] I am exercising jurisdiction over this case for screening purposes only.

also determined that Gintner failed to state a claim upon which relief may be granted because her allegations failed to give defendants fair notice of her claims. *See id.*

Claim preclusion bars Gintner's claims against defendants O'Neill, Moran, Strasser, Jacobson, and Corbett in this case. These individuals are defendants in both lawsuits, the court entered a final judgment on the merits in the first lawsuit, and Gintner bases her claims in both lawsuits on the same factual allegations. *See Ramirez v. Wis., Dane Cty.*, No. 20-cv-1027-wmc, 2023 WL 3309827, at *3 (W.D. Wis. Mar. 13, 2023). I will not allow Gintner to proceed against these defendants.

Gintner has again sued several judges, including a federal judge. Judicial immunity bars her claims against these defendants. *See Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005); *Tolefree v. Cudahy*, 49 F.3d 1243, 1243 (7th Cir. 1995). Gintner's allegation that the judicial defendants acted in clear absence of all jurisdiction is conclusory. I will not allow Gintner to proceed against these defendants.

I will not allow Gintner to proceed on her complaint because her allegations are disorganized and conclusory. She mostly refers to defendants collectively, so I cannot determine what each defendant did, or did not do, to violate her federal rights. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C. § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). Gintner's allegations fail to give defendants fair notice of the factual basis of her claims. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Gintner's claims against defendants Kaul, Schmidt, Gram, Oleson, Kessler, Casey, and Lawrence fail because Gintner does not mention them at all in the complaint's body. *See Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012).

Gintner has sued two banks and at least one private attorney. Because these defendants are not state actors under § 1983, I will not allow Gintner to proceed against them. *See Hoskins v. TCF Nat. Bank*, 248 F. App'x 742, 743 (7th Cir. 2007) ("The bank is not a state actor."); *Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001) ("Even though attorneys are licensed and regulated under state law, they are not state actors for purposes of § 1983 unless they act in concert with state officials to deprive persons of their constitutional rights."). Gintner's allegation that defendants "conspired in [] court hearings . . . to steal [her] property" is conclusory; it fails to suggest that these private defendants conspired with the state defendants. *See* Dkt. 1 at 3; *see also Driessen v. Vabalaitus*, No. 23-cv-45-jdp, 2023 WL 2954460, at *4 (W.D. Wis. Apr. 14, 2023).

I will not allow Gintner to proceed against defendants State of Wisconsin and State Bar of Wisconsin because they are not proper defendants in a § 1983 action. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997); *Crosetto v. State Bar of Wisconsin*, 97 F.3d 1454, *1 (7th Cir. 1996).

I will not allow Gintner to proceed on her claim under the Administrative Procedures Act (APA) because "nothing in the APA authorizes claims against nonfederal entities." *Karst Env't Educ. & Prot., Inc. v. E.P.A.*, 475 F.3d 1291, 1298 (D.C. Cir. 2007); *see also Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020) ("The APA sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts.").

I will not allow Gintner to proceed on her claim under the Tucker Act because, among other reasons, she has not sued the United States. *See Jaye v. United States*, 781 F. App'x 994, 998 (Fed. Cir. 2019); *Machulas v. United States*, 621 F. App'x 629, 631–32 (Fed. Cir. 2015).

3

Although generally the court would allow a pro se plaintiff an opportunity to amend her complaint, the problems identified in this order are not ones that could be fixed to state viable federal claims. Accordingly, I will dismiss Gintner's federal claims without giving her an opportunity to amend.

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial"). Because I have dismissed Gintner's federal claims, I will dismiss her Wisconsin-law claims without evaluating whether they might state a claim. Gintner fails to establish that this court could exercise federal diversity jurisdiction over these claims because she does not allege that she has different citizenship from each defendant and nothing in the complaint suggests this.

ORDER

IT IS ORDERED that:

1. Plaintiff Lori A. Gintner's complaint, Dkt. 1, is DISMISSED with prejudice for failure to state a claim and frivolity.

2. Plaintiff's state-law claims are DISMISSED because I decline to exercise supplemental jurisdiction over them.

3. All pending motions are DENIED as moot.

4. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered August 1, 2023.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge